MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City NY  11530
(516) 873-2000
Brandi P. Klineberg
bklineberg@moritthock.com

*Attorneys for Three Line - Nyack, LLC,*
*successor-in-interest to Flushing Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

LEEBER REALTY LLC,

                    Debtor.

---------------------------------------------------------X

Chapter 11

Case No.: 18-23094-rdd

## STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW TURNOVER OF LENDER CASH COLLATERAL

WHEREAS, on July 17, 2018 (the "Petition Date"), Leeber Realty LLC ("Leeber Realty" or the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, prior to the Petition Date, and on or about December 5, 2005, Debtor executed in favor of Flushing Bank, a Promissory Note, dated October 24, 2013, in the original principal amount of $550,000.00 (the "Note"); and

WHEREAS, the Note is secured by a Mortgage, Security Agreement and Assignment of Leases and Rents dated December 5, 2005, made by Debtor in favor of Flushing Bank and recorded with the Rockland County Clerk's Office on April 13, 2006, as Instrument No. 2006-00020305 (the "Mortgage"); and

WHEREAS, on or about December 6, 2019, the Mortgage was assigned by Flushing Bank to Three Line – Nyack LLC ("Three Line – Nyack" or "Lender" and together with the Debtor, the "Parties"); and

WHEREAS, the Mortgage constitutes a first lien on the real property located at 21 Route 59, Nyack, New York (the "Property"), as well as a first lien in the leases and rents of the Property; and

WHEREAS, by the Mortgage, the Debtor also granted Lender a security interest in:

> All leases, lettings, occupancy agreements and licenses (collectively, the "Leases") of the Land and/or the Improvements or any part thereof now or hereafter entered into and all right, title and interest of the Mortgagor thereunder (including, without limitation, the case and securities deposited thereunder), the right to receive and collect the rents, issues and profits from the Leases (the "Rents" and all the estate, right, title, interest, property, possession, claim and demand whatsoever, at law as well as in equity, of the Mortgagor of, in and to, and all proceeds of any sales or other dispositions of the property described in Paragraphs (A), (B), (C) and (D) above and this Paragraph (E).

Mortgage, ¶ E; and

WHEREAS, Section 1.15 of the Mortgage provides as follows:

> The Rents of the Mortgaged Property are hereby transferred and assigned to the Mortgagee, and the Mortgagee shall have the right to enter upon the Mortgaged Property for the purposes of collecting the same and to let and operate the Mortgaged Property or any part thereof and to apply the Rents, either in whole or in part, as the Mortgagee elects, to the payment of all charges and expenses of the Mortgaged Property or in reduction of any part of the Debtor or other sums due or to become due under the Note or this Mortgage. This assignment and grant shall continue in effect until the Debtor and all other obligations secured by this Mortgage are paid in full. . . From and after the occurrence of an Event of Default hereunder all Rents collected or received by Mortgagor shall be accepted and held for Mortgagee in trust and shall not be commingled with the funds and property of Mortgagor, but shall be promptly paid over to Mortgagee.  The Mortgagee may apply all Rents or any part thereof so received hereunder, after the payment of all if its expenses including costs and attorneys' fees, to the Debtor in such manner as it elects or at its option the entire amount or any part thereof so received may be released to the Mortgagor.

Mortgage, § 1.15; and

WHEREAS, on July 13, 2017, and following the Debtor's default under the Mortgage, Flushing Bank commenced an action to foreclose the Mortgage. *See Flushing Bank f/k/a Flushing*

2

*Savings Bank, FSB v. Leeber Realty LLC et al.* [Index No. 033167/2017] (the "Foreclosure Action"); and

WHEREAS, by Order entered on March 26, 2018, a Receiver was appointed in the Foreclosure Action; and

WHEREAS, by Decision and Order entered November 29, 2019, the State Court presiding over the Foreclosure Action granted Flushing Bank's motion for summary judgment and appointed a Referee to compute the amount due to Lender. *See* Order Granting Summary Judgment, Reference and Amendment dated November 27, 2019 [Foreclosure Action, Dkt. No. 96]; and

WHEREAS, in or about June 6, 2012, the Debtor executed a Deed transferring the Property to Bernard Cohen, Trustee of the Bernard Cohen Revocable Trust for stated consideration of $10.00 (the "Deed"); and

WHEREAS, on April 21, 2017, the Debtor filed a complaint in the Southern District of New York (the "District Court") against Trustco Bank [S.D.N.Y. Case No. 17-cv-02934] (the "Trustco Litigation"); and

WHEREAS, on October 6, 2017, Leeber Realty filed an amended complaint against Trustco Bank which, among other things, added Bernard Cohen, individually and in his capacity as Trustee of the Bernard Cohen Revocable Trust, as a party plaintiff ("Cohen"); and

WHEREAS, on December 26, 2017, Leeber Realty and Cohen filed a motion for summary judgment; and

WHEREAS, on July 23, 2019, the District Court entered an amended judgment (the "Trustco Judgment") against Trustco Bank in the amount of $953,461.12, which includes, among other sums, sum for unpaid rents, attorneys' fees, legal expenses and prejudgment interest thereon (the "Trustco Award"); and

WHEREAS, following entry of the Trustco Judgment, Leeber Realty and Cohen and Trustco Bank filed cross-appeals, and on December 19, 20100, the Second Circuit affirmed the

3

Trustco Judgment by Summary Order and entered a mandate on January 9, 2020 (the "Appellate Order"); and

WHEREAS, following the Appellate Order, Trustco paid an amount in satisfaction of Trustco Judgment equal to the Trustco Award plus post-judgment interest, of $968,820.92 (the "Escrowed Sum") into an escrow account maintained by the Debtor's special litigation counsel, Michael Freeman, Esq of Greenberg Freeman LLP.[1] ("Freeman"); and

WHEREAS, based on the Stay Order[2], the Receiver was stayed from substituting itself for the plaintiff in the Trustco Litigation or otherwise seeking to perfect its interest in the rents (which are now included in the Escrowed Sum); and

WHEREAS, the Debtor, Cohen and the Three Line - Nyack have agreed to settle all issues between them on the terms and conditions set forth below.

NOW, THEREFORE, it is hereby stipulated, consented to and agreed, by and among the Parties, through their respective counsel, as follows:

1. The automatic stay provisions of section 362 of the Bankruptcy Code are hereby modified to authorize Freeman to release $757,000.00 from the Escrowed Sum to Three Line – Nyack in full and final satisfaction of Lender's claims against the Debtor.

2. Within five (5) business days of Three Line – Nyack's receipt of the sums set forth in paragraph 2 above, Three Line – Nyack shall provide to counsel for the Debtor: (i) a Satisfaction of Mortgage; (ii) a signed Affirmation in Support of Cancelation of the Lis Pendens filed in the Foreclosure Action; (iii) A signed Stipulation discontinuing the Foreclosure Action with prejudice.

---

[1] By Order entered on November 1, 2018, this Court approved the retention of Greenberg Freeman LLP, as special counsel to the Debtor, *nunc pro tunc* to July 18, 2018, pursuant to Section 327(e) of the Bankruptcy Code for purposes of the representing the Debtor in the Trustco Litigation. *See* Order Authorizing Retention of Greenberg Freeman LLP as Special Counsel, Pursuant to 11 U.S.C. § 327(e) [ECF Dkt. 35].
2 See Amended Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) [ECF Dkt. 37] ("the automatic stay under section 362(a) of the Bankruptcy Code is not vacated with respect to the litigation pending in the United States District Court for the Southern District of New York entitled Leeber Realty LLC v. Trustco Bank, Case No. 17-cv-02934-KMK-LMS (the "Trustco Litigation"), including, but not limited to the issues raised therein and the rents which are the subject of the Trustco Litigation. This order does not permit the State Court receiver to exercise any rights or control over the Trustco Litigation or the rents which are the subject of that action.") ("Stay Order") (emphasis added)

3. The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine any matter arising from or related to the making, interpretation, and enforcement of this Stipulation.

4. The fourteen (14) day stay afforded by Fed. R. Bank. P. 4001(a)(3) is not applicable and Three Line – Capital may immediately enforce its rights with regard to the Escrowed Sum upon the entry of this Order.

| | |
|---|---|
| Joseph Haspel, Esq.<br>Attorneys for Debtor | Moritt Hock & Hamroff LLP<br>Attorneys for Three Line-Nyack. |
| By: s/Joseph Haspel<br>Joseph Haspel<br>1 West Main Street<br>Goshen, NY 10924<br>(845) 294-8950<br>(845) 694-4409 | By: s/Brandi P. Klineberg<br>Brandi P. Klineberg<br>400 Garden City Plaza<br>Garden City, NY 11530<br>(516) 873-2000 |
| Dated:<br>February 14, 2020 | Dated: Garden City, New York<br>February 14, 2020 |
| Greenberg Freeman LLP<br>Attorneys for Debtor | |
| By: s/Michael A. Freeman<br>Michael A. Freeman<br>110 East 59th Street, 22nd Floor<br>New York, NY 10022<br>Tel. 212.838.3121 | s/Bernard Cohen<br>Bernard Cohen, Trustee of the<br>Bernard Cohen Revocable Trust |

Dated:
February 14, 2020

It is SO-ORDERED, there being no objections, after due notice and service, of the notice of presentment, dated February 14, 2020, of this Stipulation and Order and the opportunity for a hearing thereon.

/s/Robert D. Drain

Honorable Robert D. Drain
United States Bankruptcy Judge

Dated:  White Plains, New York
          March 5, 2020

5